UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

                                                    Chapter 11
SEELOS THERAPEUTICS,                     Case No. 24-11987-jpm

                            Debtor.

-------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned Debtor and Debtor in possession (the "Debtor"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on November 16, 2024 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before **July 7, 2025**; and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **July 7, 2025 (**the date that is one hundred

eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall

apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No.
410;

(b) Attorneys (with full access accounts) and employees of institutional creditors
(with limited access accounts) should file proofs of claim electronically on
the Court's Case Management/Electronic Case File ("CM/ECF") system.
Those without accounts with the CM/ECF system may electronically create
and file proofs of claim through the "File A Proof of Claim" link on the
Court's website at www.nysb.uscourts.gov or by mailing or delivering the
original proof of claim to the United States Bankruptcy Court, Southern
District of New York,

United States Bankruptcy Court
Southern District of New York
One Bowling Green- Room 534,
New York, New York 10004-1408

(c) Proofs of claim will be deemed filed only when received by the Clerk of the

Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if

voluminous, attach a summary) or an explanation as to why documentation is

not  available; (iii) be in the English language; and, (iv) be denominated in

United States currency; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the

Debtor in  the above-captioned case in a form substantially similar to Official

Bankruptcy Form No. 410;

(b) Any claim that is listed on the Schedules filed by the  Debtor, provided that (i)

the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and

(ii) the claimant does not disagree with the amount, nature and priority of the

claim as set forth in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this  Court;

(d) Any claim that has been paid in full by the  Debtor;

(e) Any claim for which different specific deadlines have previously been  fixed by

this Court;

(f) Any claim allowable under § 503(b) and § 507(a) (2) of the  Bankruptcy Code

as an expense of administration of the Debtor's estate, except as otherwise

provided below; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection

of an executory contract or unexpired lease, as to which the order authorizing such rejection is

dated on or before the date of entry of this Order, must file a proof of claim based on such

rejection on or before the Bar Date, and any person or entity that holds a claim that arises from

the rejection of an executory contract or unexpired lease, as to which an order authorizing such

rejection is dated after the date of entry of this Order, must file a proof of claim on or before

such date as the Court may fix in the applicable order authorizing such rejection; and it is

further

ORDERED, that holders of equity interests in the Debtor need not file proofs of

interest with respect to the ownership of such equity interest, provided, however, that if any

such holder asserts a claim against the Debtor (including a claim relating to an equity

interest or the purchase or sale of such equity interest), a proof of such claim must be filed

on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED, that if the Debtor amends or supplements the Schedules subsequent to the

date hereof, the Debtor shall give notice of any amendment or supplement to the holders of

claims affected thereby, and such holders shall be afforded thirty (30) days from the date of

such notice to file proofs of claim in respect of their claims and shall be given notice of such

deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtor or any

other party **in interest to dispute or assert offsets or defenses to any claim reflected in the**

**Schedules;** and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that

fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be

treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

(a) The United States Trustee;

(b) Counsel to each official committee;

(c) All persons or entities that have requested notice of the proceedings in the Chapter 11 case;

(d) All persons or entities that have filed claims;

(e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;

(g) All parties to litigation with the Debtor;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i) Such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and

it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to

seek a further order of this Court fixing a date by which holders of claims or interests not

subject  to the Bar Date established herein must file such proofs of claim or interest or be

barred from  doing so.


Dated: New York, New York
       May 21, 2025                  /S/ John P. Mastando III
                                      HONORABLE JOHN P. MASTANDO III
                                      UNITED STATES BANKRUPTCY JUDGE