Hearing Date: June 11, 2025 at 10:00 a.m. (ET)
Objection Deadline: June 6, 2025 at 5:00 p.m. (ET)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> SEELOS THERAPEUTICS, INC. <br> d/b/a APRICUS BIO, <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-11987 (JPM) <br><br> Related Docket No. 38 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE DEBTOR'S MOTION FOR
(A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES;
(II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING
STALKING HORSE BIDDER; (IV) SCHEDULING BID DEADLINE, AUCTION DATE,
AND SALE HEARING DATE; AND (V) APPROVING FORM OF NOTICE
THEREOF; AND (B) ENTRY OF AN ORDER AFTER THE SALE HEARING
(I) AUTHORIZING DEBTOR TO SELL ITS ASSETS; AND (II) AUTHORIZING
DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Seelos Therapeutics, Inc., (the "Debtor"), by and through its undersigned proposed counsel, hereby files this limited objection (the "Limited Objection") to the *Debtor's Motion For (A) Entry Of An Order (I) Approving Bidding Procedures; (II) Approving Procedures For The Assumption And Assignment Of Executory Contracts And Unexpired Leases; (III) Approving Stalking Horse Bidder; (IV) Scheduling Bid Deadline, Auction Date, And Sale Hearing Date; And (V) Approving Form Of Notice Thereof; And (B) Entry Of An Order After The Sale Hearing (I) Authorizing Debtor To Sell Its Assets; And (II) Authorizing Debtor To Assume And Assign Certain Executory Contracts And Unexpired Leases; And (C) Granting Related Relief* [Docket No. 38] (the "Bidding

Procedures Motion").[1] In support of this Limited Objection, the Committee respectfully states as follows:

**BACKGROUND**

1. On November 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On January 21, 2025, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee. *See* [Docket No. 21].

3. On May 1, 2025, the Debtor filed the Bidding Procedures Motion setting forth proposed bidding procedures and seeking approval of GLD Debt Acquisition 2025-1, Inc. ("GLD"), which also purchased the Debtor's pre-petition secured debt, as the Stalking Horse Bidder. GLD's proposed Stalking Horse Bid consists of only a credit bid and a minimal cash payment of $25,000.

4. According to the Bidding Procedures Motion, a convertible promissory note of $22,000,000 to Lind Global Asset Management V, LLC ("Lind") comprised the Debtor's principal pre-petition secured debt (the "Pre-Petition Obligations"). Lind, in turn, was a substantial equity holder of the Debtor. On February 4, 2025, GLD acquired the Pre-Petition Obligations from Lind.

5. In February 2025, proposed counsel for the Committee engaged in conversations with the Debtor and GLD regarding GLD's willingness to fund the chapter 11 bankruptcy and sale process. GLD and the Debtor originally indicated that GLD intended to provide debtor-in-possession financing to ensure that the Debtor's case was administratively solvent and had liquidity sufficient to support the proposed sale process—especially where, as here, the proposed

---

[1] Capitalized terms that are not defined herein shall have the meanings given to them in the Bidding Procedures Motion.

sale was predicated almost entirely on a credit bid. However, GLD reneged and refused to provide financing to pay for the process. The Committee continued to engage in conversations with the Debtor and GLD over the course of four months, seeking to negotiate a deal that, at a bare minimum, covered core administrative expenses and provided some consideration for unsecured claims. GLD remained unwilling to offer anything of value to pay the expenses of the chapter 11 process, let alone to address unsecured creditor claims.

6. The Debtor then filed the Bidding Procedures Motion, notwithstanding the fact that it had no ability to pay for the chapter 11 process, including the process to approve the proposed credit bid sale to GLD.

7. In early May, another potential bidder emerged and expressed an interest in purchasing the Debtor's assets for cash and, subject to additional diligence, potentially funding the administrative costs of the sale process that would facilitate its purchase. The Committee is currently in discussions with the new bidder who, the Committee believes, could serve as a stalking horse bidder in lieu of GLD.

## **LIMITED OBJECTION**

8. The Court should not approve the Bidding Procedures Motion at this time or in its current form, for the following reasons. *First,* the Court should allow additional time for the alternative bidder to be evaluated as a replacement stalking horse bidder, especially in light of the administrative insolvency that will ensue if the process proceeds solely with the GLD proposal. GLD seeks to credit bid with no plan or proposal to cover administrative and priority claims in full. This would unduly benefit only GLD and leave administrative and pre-petition unsecured creditors with no recovery or recourse. With another competing interested bidder now in the

3

picture, the Court should not approve this insufficient Stalking Horse Bid, which could only lead to the case unravelling into a chapter 7 conversion.

9. *Second*, GLD should not be approved as the Stalking Horse Bidder prior to scrutiny by the Committee as to the validity of GLD's proposed credit bid, especially given the nature of the convertible notes held by Lind and Lind's prior equity position in the Debtor. The Committee has good reason to believe that GLD's Pre-Petition Obligations may be subject to recharacterization as equity because these obligations are best viewed as equity contributions by Lind, the Debtor's former equity holder, to the Debtor. The nature and potential characterization of such interests cannot be cleansed merely by transferring them to GLD.

10. GLD seeks to use its credit bid to walk away with the Debtor's assets by resort to currency comprised of nothing more than an equity interest, and without any scrutiny as to the allowance of its purported secured claim. Further, the reason that GLD's claims have not been subject to date to the requisite scrutiny has been GLD's refusal to provide funding for the administrative expenses of this case, including a process to permit the Committee to conduct the necessary investigation. The new potential bidder, by contrast, has indicated that it is potentially prepared to fund such expenses and would, the Committee believes, welcome the invalidation of GLD's claims.

11. In sum, while the Committee would not object to the proposed procedural terms of the Bidding Procedures—and, with potential minor adjustments, has no objection to the timeline proposed for the sale process—the Committee does object to the approval of the Stalking Horse Bidder and the Stalking Horse Bid at this time and in its current form.

## **RESERVATION OF RIGHTS**

12. The Committee reserves the right to amend or supplement this Limited Objection prior to the conclusion of the hearing currently scheduled for June 11, 2025, and further reserves the right to assert additional objections at such hearing. In addition, the Committee reserves the right to assert objections to the proposed sales of any of the Debtor's assets prior to or at any final hearing seeking approval of such sales.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Committee respectfully requests that the Court (i) deny the Bidding Procedures Motion in part as to the Stalking Horse Bidder, or, in the alternative, adjourn the Bidding Procedures Motion to allow to additional time to develop competing bids, and (ii) grant other and further relief as is just and proper.

Dated: June 6, 2025
       New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Dennis C. O'Donnell*
Dennis C. O'Donnell
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*